## Case No. 1,956.

### BROOKS v. MOORHOUSE.

[3 Ban. & A. 229;[1] 13 O. G. 499.]

*Circuit Court, D. Massachusetts. Feb., 1878.*

PATENTS—INFRINGEMENT—FORMER ADJUDICATION—ESTOPPEL—EQUITY—TAKING JURISDICTION.

1. The complainant had previously brought an action at law against the defendant for damages for the infringement of a patent. The defendant's default was entered, and an arrangement was made that the complainant should buy the stock of infringing articles which the defendant had on hand, and that the defendant should thereupon stop the further manufacture of them. The arrangement was carried out, but the defendant afterwards made and sold articles differing very slightly in form from those previously made by him, and clearly embodying the complainant's invention. Thereupon this suit in equity was brought for an injunction and account: *Held*, that the defendant was estopped by his previous agreement from contesting the validity of complainant's patent.

[See note at end of case.]

2. A court of equity will not ordinarily entertain jurisdiction of a matter which the person has had an opportunity of litigating in another

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden Esq., and here reprinted by permission.]

court, and which had there been decided against him, unless it appears that circumstances beyond his control prevented his making the defence, or trying the question.

[In equity. Bill by Hiram W. Brooks against John Moorhouse to enjoin infringement of patent No. 68,361 for a shoe buttoner, granted to J. F. Goldthwait, September 5, 1867, and for an accounting. Decree for complainant.]

Charles T. Russell and Charles T. Russell, Jr., for complainant.

Ambrose Eastman, for defendant.

SHEPLEY, Circuit Judge. An action at law was commenced in this court by this complainant against this defendant, alleging infringement of the same patent now in suit in this case in equity for an injunction and account. The defendant was personally served with process in that suit, and allowed a default to be entered on the 10th day of November, 1874. After the commencement of the action, an arrangement was made between the plaintiff and the defendant, that if plaintiff would buy the stock of boot and shoe buttoners the defendant had on hand, defendant would stop the manufacture of the infringing articles. Accordingly defendant gave to the plaintiff a receipted bill for manufactured goods and for wires and handles for the manufacture, amounting to $157.90, which goods plaintiff received and paid for at the agreed price. Across the face of the receipted bill, Moorhouse, the defendant, wrote, "I agree not to make any more of the Goldthwait buttoner from this date of our Lord, October 6th, 1874," and signed it with his name. He afterwards continued to manufacture and sell buttoners differing very slightly in form from those previously made by him, but cleary embodying the invention described in the Goldthwait patent, of which complainant is the assignee. When the bill in equity in this case was filed, final judgment had not been entered in the action at law, no assessment of damages having been made.

The defendant's answer denies that Goldthwait was the first and original inventor, and alleges that prior to the date of the alleged invention great numbers of buttoners embodying the invention described and claimed by Goldthwait had been imported from England and France, and were in common use and on public sale in this country more than two years. Defendant in reply to the allegations in the bill in relation to the action admits the commencement of the action, and the voluntary default, but avers that when the action was brought the defendant was ignorant of the facts he now sets up in relation to the prior manufacture, use and sale of the buttoners before Goldthwait's invention, and was ignorant of the law and not advised that those facts would constitute a defence. The averment in the answer of ignorance of the facts does not correspond with defendant's testimony in the case. from which it would appear that before the default he ascertained that the article had been imported many years, and that the patentee had stolen the patent from a French patent by simply reversing.

Defendant now relies for his defence upon the evidence tending to show an importation from France and Germany, and the public sale and common use in this country more than two years before the application for the patent, of articles embodying the invention. The complainant, while contending that the evidence is not sufficient to establish prior invention and use, contends that it is not open to the defendant, after the default in the action at law, to interpose that defence in this proceeding in equity, and also that the defendant cannot in a court of equity deny the binding obligation upon him of the agreement.

The agreement not to make any more of the Goldthwait buttoners was founded upon a valuable consideration. It was a part of the arrangement between the parties for the purchase of the stock and materials Moorhouse had on hand. Such an agreement made with full knowledge of the facts, and not under duress. and with no evidence that it was unconscientious or unreasonable, a court of equity will enforce. In Sargent v. Larned [Case No. 12,364], where the facts are very similar to the facts in this case, this court, Mr. Justice Curtis presiding, refused to allow such an agreement to be repudiated, and enforced its observance by injunction.

Nor will a court of equity ordinarily entertain jurisdiction of a matter which the person has had an opportunity of litigating in another court, and which had there been decided against him, unless it appears that circumstances beyond his control prevented his making the defence, or trying the question. Le Guen v. Gouverneur, 1 Johns. Cas. 437; Williams v. Lee, 3 Atk. 224; Ramsden v. Jackson, 1 Atk. 293; Marriot v. Hampton, 7 Term R. 269; Baker v. Whiting [Case No. 786].

The defendant, both by the proceedings in the action at law and the agreement signed by him, is concluded from contesting the validity of the patent.

Decree for injunction and account according to the prayer in the bill.

[NOTE. A covenant or agreement not to infringe estops the parties thereto from controverting the validity of a patent (Sargent v. Larned. Case No. 12,364; Parkhurst v. Kinsman, Id. 10,757; Magic Ruffle Co. v. Elm City Co., Id. 8,949; Pentlarge v. Beeston, Id. 10,963; Roemer v. Simon, 95 U. S. 214. And see Downton v. Yaeger Milling Co., 9 Fed. 402), unless such agreement was obtained by fraud, surprise, or imposition (Magic Ruffle Co. v. Elm City Co., Case No. 8,949. But see Pentlarge v. Beeston, Id. 10,963).

[Where, in some other action or proceeding, the validity or invalidity of a patent has been established. the question will not be again litigated between the parties to the former controversy or their privies. Allen v. Blunt, Case

No. 217; Taylor v. Hyde, Id. 14,309; Miller v. Liggett & Myers Tobacco Co., 7 Fed. 91; Day v. Combination Rubber Co., 2 Fed. 570; Dubois v. Philadelphia, W. R. Co., Case No. 4,-109; Roemer v. Newman, 19 Fed. 98; Child v. Boston & F. Iron Works, Id. 258. But see Russell v. Place, 94 U. S. 606; Ingersoll v. Jewett, Case No. 7,039. To constitute the bar, however, there must have been an adjudication and final determination on the merits. Allen v. Blunt, Case No. 217; Buck v. Hermance, Id. 2,081; U. S. Stamping Co. v. Jewett, 7 Fed. 869; Ingersoll v. Jewett, supra.]